**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

ABDULLAHI A.,

Petitioner,

v.

TODD BLANCHE, *Attorney General of the United States*;

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*;

DAVID J. *VENTURELLA*, *Acting Director, U.S. Immigration and Customs Enforcement;*

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office for U.S. Immigration and Customs Enforcement*,

Respondents.

Civil No. 26-3636 (JRT/SGE)

**ORDER GRANTING IN PART MOTION TO EXTEND TEMPORARY RESTRAINING ORDER**

Petitioner previously sought a Temporary Restraining Order ("TRO"), which the Court granted in part. (Order, Oct. 22, 2026, Docket No. 43.) Petitioner now moves for a motion to extend that TRO (Docket No. 48), which the Court will again grant in part.

Respondent was scheduled to be removed to Eswatini on October 22, 2026. After his counsel filed a motion for a TRO and the Court issued its Order, Respondents informed the Court that Petitioner had expressed a fear of removal to Eswatini. (*See* Resp'ts' Update, Oct. 23, 2026, Docket No. 46.) The Court ordered a status report regarding

whether Petitioner had been referred to U.S. Citizenship and Immigration Services ("USCIS") for a reasonable fear determination with respect to Eswatini. (Order, Oct. 23, 2026, Docket No. 26). Respondents now indicate that Petitioner has not been referred to USCIS for a reasonable fear determination with respect to Eswatini, and Respondents do not intend to refer Petitioner to USCIS. (Resp'ts' Update, Oct. 26, 2026, Docket No. 52.) Respondents assert that the diplomatic assurances Eswatini has provided "render[] Petitioner's fear not objective." (*Id.* at 1.)[1]

To ameliorate the procedural due process infirmities resulting from the Government's current procedures, the Court will extend the TRO. *See Folashade O. v. Schilling*, Civ. No. 26-2705, 2026 WL 1734877, at *5 (D. Minn. June 16, 2026) (concluding that Petitioner's "'proposed process is proportional to the need to ensure a reasonable opportunity to raise and pursue' a fear-based claim of removal to [a third country]" and collecting cases (quoting *Kumar v. Wamsley*, 817 F. Supp. 3d 1059, 1073 (W.D. Wash. 2025)); *Ansumana S. v. Blanche*, Civ. No. 26-3371, 2026 WL 2606655, at *11–12 (D. Minn. Sept. 3, 2026) (same).

The Court will, therefore, extend the TRO until November 10, 2026, and will order Respondents to provide Petitioner with a reasonable fear interview within two weeks of this Order.

[1] The Court is aware that third-country removals are currently under review by the Supreme Court but notes that the case in which the Supreme Court granted a petition for certiorari is from the District of Massachusetts, not the District of Minnesota. *Dep't of Homeland Sec. v. D.V.D.*, 145 S. Ct. 2153 (2025). (*Cf.* Resp'ts' Update, Oct. 26, 2026, Docket No. 52.)

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein**, IT IS HEREBY ORDERED** that:

1. Petitioner's Motion to Extend the Temporary Restraining Order (Docket No. [48]) is **GRANTED in part**.

2. This Court's October 22, 2026 Temporary Restraining Order (Docket No. [43]) shall remain in effect until **November 10, 2026**, unless further extended or dissolved by further order of the Court.

3. Respondents shall provide Petitioner with a reasonable fear interview consistent with 8 C.F.R. § 208.31 within two weeks of this Order.

   a. Respondents shall provide Petitioner's counsel with at least 48 hours' written notice of the date and time of the reasonable fear interview and shall permit his counsel to participate in the interview by telephone;

   b. If an asylum officer determines that Petitioner states a reasonable fear of removal to Eswatini, then Respondents must move to reopen his removal proceedings for him to present a claim for withholding of removal or deferral of removal under the United Nations Convention Against Torture ("CAT") to an immigration judge;

   c. If an asylum officer determines that Petitioner does not state a

reasonable fear of removal to Eswatini, then Respondents must allow Petitioner 15 days to file a motion to reopen his removal proceedings before removing him.

DATED: October 26, 2026
at Minneapolis, Minnesota

/s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge